## EQUITABLE RESULTS REACHED IN AN IRREGULAR WAY.

[Circuit Court of Hamilton County.]

GRAND GROVE U. A. O. D. OF OHIO v. PETER MULLEN ET AL.

Decided, January 6, 1903.

A division of funds will not be disturbed because done in an irregular way, where a just and equitable result has been obtained.

JELKE, J.; SWING, J., concurs.

The division of the funds in the treasury of Germania Grove No. 5 U. A. O. D. at the time of the surrender of its charter and records to the Grand Lodge, by the seventeen remaining members, was in violation of the constitution and by-laws of the subordinate lodge and of the laws of the Grand Lodge under which the subordinate lodge was organized and maintained. If, therefore, any-

body with a real or beneficial interest objected to the arrangement, and division, it could be set aside and the recipients of the money compelled to return it.

The laws of the Grand Lodge and the constitution and by-laws of the subordinate lodge, to all of which a member subscribes, make the contract and establishes the relation between the parties.

It is admitted, however, that the Grand Lodge has no proprietary interest in the funds of the subordinate lodge and if Germania Lodge No. 5 had paid the $1,051.92 into the Grand Lodge, the Grand Lodge would have been a mere naked trustee of the same, holding the fund for the uses and purposes of the organization, that is paying benefits to the members of Germania Lodge No. 5.

This being so, and nobody having a real or beneficial interest in the fund being here and complaining, we do not see why the division made by the seventeen members, being everybody, absolutely or contingently, presently or remotely interested in the fund, should not stand, at least as against the Grand Lodge, on the principles whereby trusts are determined where all the parties who are or may be interested in the trust property, are in existence and *sui juris* and consent and agree thereto. Trusts are never maintained for the benefit of the trustee. See Perry on Trusts, Section 920.

True it might have been more orderly to have procured this division by the sanction of the Grand Lodge and through its processes or by decree of a court of equity, but the division being accomplished and no wrong having been done or complained of, a court of law will not disturb or undo it merely because a just and equitable result has been irregularly reached.

Judgment affirmed.

*Sprigg & Fitzgerald,* for plaintiff in error.

*Chris. Von Seggern,* contra.